UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHELLE O.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C21-5883-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found Plaintiff's right knee meniscus tear, degenerative joint disease and tendinopathy, obstructive pulmonary disease of COPD, morbid obesity, generalized anxiety disorder and depression are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform sedentary work subject to physical, postural, environmental, and mental limitations; and Plaintiff is not disabled because she can perform past relevant work as a telephone solicitor. Tr. 16-26.

Plaintiff contends the Court should remand the case for further proceedings because the ALJ incorrectly rejected the mental limitations assessed by Alysa Rudell, Ph.D., and Holly Petaja, Ph.D. and erroneously found Plaintiff can perform past relevant work at step four. Dkt. 10 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and

**REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

Plaintiff applied for benefits in 2018. Tr. 14. In *Woods v. Kijakazi*, Case No. 21-35458, 2022 WL 1195334 (9th Cir. April 22, 2022), the Court of Appeals held the regulations governing applications filed after March 27, 2017, supplant the hierarchy governing the weight an ALJ must give medical opinions and the requirement the ALJ provide specific and legitimate reasons to reject a treating doctor's opinion. Under the new regulations, the ALJ considers the persuasiveness of the medical opinion using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), (c); 416.920c(b)(2), (c). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency means the extent to which a medical opinion is "consistent ... with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. §§ 404.1520c(b), 416.920c(b), and must explain how the ALJ considered the factors of supportability and consistency, 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). An ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods*, 2022 WL 1195334, at *6.

In June 2020, Dr. Ruddell performed a psychological evaluation of Plaintiff, Tr. 878, which was reviewed and largely affirmed by Dr. Petaja. Tr. 869. Dr. Ruddell opined Plaintiff was moderately limited in her ability to perform short and simple instructions; perform routine

tasks without supervision; make simple work decisions; ask simple questions or request help; communicate effectively in the workplace; maintain appropriate behavior in the workplace; and that Plaintiff was markedly limited in her ability to understand, remember, and persist following detailed instructions; learn new tasks, adapt to routine changes at work; complete a normal workday and set realistic goals and plan independently. Tr. 874.

The ALJ rejected the opinions finding them inconsistent with "treatment notes that show significant improvement with medication and therapy." Tr. 25. Substantial evidence does not support the finding. The record shows Plaintiff had days when she seemed better, but she did not significantly improve as the ALJ found. In February 2018, Plaintiff's providers set a goal of reducing her anxiety/depression (PHQ-9) score of 19/27 to 12/27 by August 2018. But in August, Plaintiff was still at 19/27 and her providers set a new goal of reaching a score of 12/27 in 180 days. Tr. 365. The Commissioner notes in August 2018 Plaintiff showed some improvement, Tr. 370, and on February 21, 2020, her doctor noted depression and anxiety were in "full remission." Tr. 837. But by March 5, 2020, the same doctor reported "Patient comes in today for follow-up. Depression with anxiety that is not well-controlled." Tr. 841. The longitudinal record thus does not support the ALJ's finding.

The ALJ also rejected Dr. Ruddell's opinions on the grounds "Plaintiff's mental status examinations [MSEs] were normal." Tr. 25. However, the ALJ relied upon MSEs that did not fully assess Plaintiff's mental status and were limited to emotional symptoms, appearance/speech and thought process. *See e.g.* Tr. 374. These MSEs did not assess concentration or memory. These MSEs did not utilize the tests Dr. Ruddell employed to assess concentration (serial threes) and memory (word recall). Tr. 874. Dr. Ruddell's finding Plaintiff had memory and

concentration limitations are thus not contradicted by the MSEs which failed to address these limitations.

The record also shows during the time Plaintiff was assessed with "normal" MSEs her PHQ-9 scores nonetheless indicated she suffered from severe depression and anxiety. This would be consistent with Dr. Ruddell diagnosis that Plaintiff suffers from somatic symptom disorder and generalized anxiety disorder and indicated they cause fatigue, mood change, excessive worry, impaired concentration apprehension of danger and dread. The Court accordingly concludes substantial evidence does not support the ALJ's rationale that the MSEs contradict Dr. Ruddell's opinions.

Plaintiff also argues the ALJ erroneously found she could perform past relevant work as a telephone solicitor. The Court need not discuss the ALJ's step four finding. The ALJ's rejection of Dr. Ruddell's results in a RFC determination and step four findings that does not account for all limitations Dr. Ruddell assessed, and the case must accordingly be remanded for further proceedings.

## CONCLUSION

The Court finds the ALJ harmfully erred in rejecting Drs. Ruddell's and Petaja's opinions about Plaintiff 's mental limitations, and in finding at step four she could perform past work. Plaintiff did not challenge the ALJ's determinations at step two and three; the ALJ's findings on non-mental limitations; and the ALJ's treatment of Plaintiff's testimony. The Court thus leaves these findings undisturbed.

However, because the ALJ harmfully erred as to Dr. Ruddell's and Dr. Petaja's opinions, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall

reassess Dr. Ruddell's and Dr. Petaja's opinions, develop the record and redetermine RFC as needed, and proceed to the remaining steps as appropriate. .

DATED this 11$^h$ day of May, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge